# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JASON L. EDMONSON,**

       **Plaintiff,**

       **v.**                                  **Case No. 12-CV-00972**

**OFFICER GREEN and OFFICER VANG,**

       **Defendant.**

---

## ORDER

Plaintiff has filed a motion to appoint counsel and a motion to amend the complaint. He asserts that he would like to file an amended complaint to add the City of Appleton and the City of Appleton Police Department as defendants, and that litigating this case will be difficult because he is incarcerated and does not have a legal education.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, plaintiff states that he attempted to obtain legal counsel on his own.

However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, I do not believe that the presence of counsel is likely to make a difference in the outcome of this case.

I will also deny the motion to amend the complaint. Any motion to amend the complaint "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L. R. 15(a) (E.D. Wis.). In addition, a motion to amend a pleading "must state specifically what changes are sought by the proposed amendments" and the proposed amended pleading "must be filed as an attachment to the motion to amend." Civil L. R. 15(b). Plaintiff has not met these requirements. I also note that, as stated in the Screening Order, the City of Appleton Police Department is not a proper defendant in this 42 U.S.C. § 1983 action. Therefore, plaintiff may not amend the complaint to name it as a defendant.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel [DOCKET #16] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint [DOCKET #24] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge

2