# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON L. EDMONSON,**
      **Plaintiff,**

      v.                                                    Case No. 12-CV-00972

**OFFICER GREEN and OFFICER VANG,**
      **Defendants.**

## DECISION AND ORDER

Plaintiff has filed a motion to amend the complaint along with a proposed amended complaint (Docket #34). A district court should freely give leave to amend a complaint whenever justice requires. Fed. R. Civ. P. 15(a)(2); Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 943 (7th Cir. 2012); Johnson v. Cypress Hill, 641 F.3d 867, 871–72 (7th Cir. 2011). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010). A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009); Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

Several of plaintiff's proposed changes to the complaint are minor and unnecessary grammatical edits that do not change the nature of plaintiff's claim. For example, plaintiff seeks to correct a sentence by adding the word "not," as set forth in paragraph 5 of the

proposed amended complaint. He also seeks to add the words "search," "hand-cuffing," and "prior" to his legal theory, as set forth in paragraph 4 of the Legal Theory section of the proposed amended pleading. Additionally, plaintiff seeks to add claims against two new defendants, City of Appleton Police Chief Richard Meyers and Appleton Police Supervisor Todd Freeman, set forth paragraphs 7 and 8 of the Legal Theory section of the proposed amended complaint. However, Captain Meyers and Supervisor Freeman are only mentioned in a conclusory fashion. Plaintiff does not include any substantive allegations against them which demonstrate their personal involvement in his claim. See Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). He also do not state a policy claim against either individual. See Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005); Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 (1978). Finally, Captain Meyers and Supervisor Freeman are not named in the caption of the proposed amended complaint.

A district court should deny a motion for leave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss. See, e.g., Arlin–Golf, LLC v. Village of Arlington Heights, 631 F.3d 818, 823 (7th Cir. 2011); London v. RBS Citizens, N.A., 600 F.3d 742, 747 n. 5 (7th Cir. 2010).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to amend the complaint (Docket #34) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of July 2013.

                                        s/ Lynn Adelman
                                      _____
                                      LYNN ADELMAN
                                      District Judge