# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON L. EDMONSON,**

    **Plaintiff,**

    v.                                      Case No. 12-CV-972

**OFFICER GREEN
and OFFICER VANG,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, Jason L. Edmonson, a Wisconsin state prisoner, filed this pro se civil action pursuant to 42 U.S.C. § 1983. He proceeding in forma pauperis on a claim that defendants Brian Green and Alex Vang arrested and searched him without probable cause in violation of the Fourth Amendment to the United States Constitution. Defendants have filed a motion for summary judgment. For the reasons set forth herein, defendants' motion will be granted and this action will be dismissed.

## I. BACKGROUND[1]

On September 7, 2006, plaintiff posted bail and was released from custody in Winnebago County Case Number 06-CF-699, where he was initially charged with third degree sexual assault, battery, and disorderly conduct. As part of the conditions of release, plaintiff was not allowed to have contact with individuals named in the criminal complaint,

---

[1] The facts are taken from Defendants' Proposed Findings of Fact and Plaintiff's Response to Defendants' Statement of Facts.

their residence, business, or establishments. (Green Aff. ¶ 6, Ex. A – Bail/Bond form dated September 7, 2006.)

Lori Fleming was an individual named in the criminal complaint in Winnebago County Case Number 06-CF-699. Plaintiff and Ms. Fleming were co-owners of Trendsetters Hair Salon, located in the City of Appleton, Outagamie County, Wisconsin, at all relevant times.

On September 18, 2006, a bond modification hearing was held in plaintiff's criminal case. The court amended plaintiff's conditions of release to have "no unsupervised contact for employment purposes." (Court Minutes dated September 18, 2006.) According to plaintiff, this amendment allowed him to return to Trendsetters Hair Salon to work even if Ms. Fleming was also there, as long as there was a third party adult present. (Edmonson Aff. ¶ 6.) Ms. Fleming was not present at the bond modification hearing.

Also on September 18, 2006, defendants Brian Green and Alex Vang, who were police officers with the City of Appleton Police Department at the time, responded to Trendsetters Hair Salon after Ms. Fleming called the Appleton Police Department. Upon arrival at the salon, defendant Green met with plaintiff who indicated that his bail conditions had been modified earlier that day to allow him to go to Trendsetters Hair Salon as long as he was supervised. Plaintiff also advised defendant Green that Ms. Fleming was not present at the hearing and was unaware of the change. Plaintiff did not provide defendant Green any written documentation regarding the amended conditions of release.

Defendant Green contacted the Outagamie County Emergency Dispatch Center and learned that plaintiff was out on bail for a Winnebago County case and part of his bail conditions included an order that he was not to have contact with Ms. Fleming, her

2

residence, her place of business, or her establishments. Winnebago County Jail then faxed a copy of the September 7, 2006, Bail/Bond form to defendant Green for his review.

Defendant Green placed plaintiff under arrest for bail jumping under Wis. Stat. § 946.49(1)(b).[2] Defendant Vang then transported plaintiff in his squad car to the Outagamie County Jail. Plaintiff was released from custody the next day. He was not charged with bail jumping.

At no time during the investigation or after the investigation was defendant Green provided with any written documentation that the September 7, 2006, Bail/Bond form for plaintiff in Winnebago County Case Number 06-CF-699 had been modified.

The complaint in this case was filed with the court on September 24, 2012. Plaintiff filed a certificate of mailing along with his complaint in which he avers that he placed the complaint in the prison mailbox at Green Bay Correctional Institution, where he currently resides, on September 18, 2012.

## II. DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248.

---

[2] That section defines bail jumping as intentional failure to comply with the terms of a bond where "the offense with which the person is charged is a felony, guilty of a Class H felony."

3

A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Defendants contend that plaintiff's claim is barred by the statute of limitations. They also contend that summary judgment is appropriate on plaintiff's Fourth Amendment claim. Defendants further contend that they are entitled to qualified immunity.

**A.      Statute of Limitations**

Section 1983 claims are subject to Wisconsin's six-year personal rights statute of limitations, Wis. Stat. § 893.53. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997); Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989). Plaintiff's Fourth Amendment claim accrued on September 18 or 19, 2006. According to defendants, the claim accrued on September 19, 2006 at the latest, and the complaint was untimely because it was filed with the court on September 24, 2012. However, it is undisputed that plaintiff placed his complaint in the prison mailbox on September 18, 2006.

4

Under the "mailbox rule," a prisoner's filing "is deemed timely if lodged with the prison authorities . . . within the time permitted for appeal." Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir. 1992). In 1999, the Seventh Circuit Court of Appeals extended the mailbox rule to the filing of petitions for a writ of habeas corpus, but it noted in the same decision that "this circuit has not ruled on whether the rule should be extended to a pro se prisoner's filing of other papers." Jones v. Bertrand, 171 F.3d 499, 501 (7th Cir. 1999). However, in other cases, such as Simmons, 970 F.2d at 393 and Simmons v. McCulloch, ___ Fed. Appx. ___, 2013 WL 6038674, at *2 (7th Cir. Nov. 15, 2013), the court assumed that the mailbox rule applies to all prisoner district court filings.

Under the mailbox rule, plaintiff's complaint was deemed filed on September 18, 2012, the date he turned it over to prison authorities to be mailed to the court. Thus, whether plaintiff's Fourth Amendment claim accrued on September 18 or 19, 2006, this action is not barred by the statute of limitations.

**B.     Fourth Amendment Claim**

Defendants contend that probable cause existed to arrest plaintiff because Officer Green reasonably believed that plaintiff was committing a crime by violating the terms of his bond. Additionally, defendants contend that Officer Vang simply responded to the location to assist Officer Green and transported plaintiff to the Outagamie County Jail after Green arrested him. Plaintiff contends that reasonable officers would have known that the Outagamie County Emergency Dispatch Center was not a reasonable source and realized that an arrest would violate plaintiff's constitutional rights. Plaintiff also contends that reasonable officers would have realized that plaintiff did not "intentionally" violate the terms

5

of his bond as set forth in Wis. Stat. § 946.49(1), and that an arrest would violate his constitutional rights.

Plaintiff's Fourth Amendment claim hinges on the contention that defendants Green and Vang lacked probable cause to believe that he had committed a crime. See Williamson v. Curran, 714 F.3d 432, 441 (7th Cir. 2013) (citing Thayer v. Chiczewski, 705 F.3d 237, 246 (7th Cir. 2012); Mucha v. Vill. of Oak Brook, 650 F.3d 1053, 1056 (7th Cir. 2011)). "Probable cause is an absolute bar to a § 1983 claim for false arrest." Sow v. Fortville Police Dep't, 636 F.3d 293, 301-02 (7th Cir. 2011) (quoting McBride v. Grice, 576 F.3d 703, 707 (7th Cir. 2009)). "A police officer has probable cause to arrest if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." Id. (quoting McBride, 576 F.3d at 707); see also Beck v. Ohio, 379 U.S. 89, 91 (1964).

Here, at the time of the arrest, defendants knew that plaintiff was out on bail and that under the terms of the bond he was not permitted to have contact with individuals named in the criminal complaint, their residence, business, or establishment. Ms. Fleming was named in the criminal complaint and she was an owner of Trendsetters Hair Salon. Plaintiff was present at Trendsetters while Ms. Fleming was present. Thus, plaintiff was violating the conditions of release set on September 7, 2006.

It is undisputed that on September 18, 2006, before plaintiff arrived at Trendsetters Hair Salon, a bond modification hearing was held where the court amended plaintiff's bond conditions to have "no unsupervised contact for employment purposes." Plaintiff told defendant Green about the modification but he did not have any paperwork to that effect. Defendant Green contacted Outagamie County Emergency Dispatch Center and he was

advised of the September 7, 2006, conditions. The Winnebago County Jail then faxed defendant Green a copy of the September 7, 2006, Bail/Bond form. After receiving this information, defendant Green placed plaintiff under arrest for bail jumping contrary to Wis. Stat. § 946.49(1)(b).

When an officer receives information from a third party whom it seems reasonable to believe is telling the truth, the officer has probable cause to effectuate an arrest. See Sow, 636 F.3d at 302 (citing Kelley v. Myler, 149 F.3d 641, 647 (7th Cir. 1998)). In this case, defendant Green received information from the Outagamie County Emergency Dispatch Center and he then received a fax from the Winnebago County Jail confirming that plaintiff was not allowed to have contact with individuals named in the criminal complaint, their residence, business, or establishment. Plaintiff does not explain why he believes these were unreasonable sources for defendant Green to rely on. Therefore, it was reasonable for defendant Green to believe that plaintiff's presence at Trendsetters Hair Salon violated the conditions of his bail bond.

Finally, plaintiff contends that defendants' actions were unreasonable because the prosecutor did not file criminal charges and he was released the next day. However, probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008) (quoting United States v. Sawyer, 224 F.3d 675, 679 (7th Cir. 2000) (explaining that there must be a "probability or substantial chance of criminal activity on the suspect's part")). The court evaluates "probable cause 'not on the facts as an omniscient observer would perceive them,' but rather 'as they would have appeared to a reasonable person in the position of the arresting

7

officer.'" Id. (quoting Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006)). Here, a reasonable officer in defendant Green's position would have believed that plaintiff was committing a crime on September 18, 2006 when he was present at Trendsetters Hair Salon at the same time as Ms. Fleming. Thus, I will grant defendants' motion for summary judgment as to plaintiff's Fourth Amendment arrest claim.

The parties did not address the plaintiff's Fourth Amendment search claim in their summary judgment materials. That claim is based on plaintiff's allegation that defendant Green "arrested, handcuffed, and searched the plaintiff for bail jumping" and that "[a]s the plaintiff's arrest by police was illegal, the plaintiff's ensuing search by police was also illegal." (Compl. at 3, 5.) Plaintiff's search was therefore contingent on the survival of his arrest claim. There is nothing in the record to indicate that the search was anything more than a search incident to a lawful arrest. See Arizona v. Gant, 556 U.S. 332, 338–39 (2009). Thus, I will also enter judgment for defendants' on plaintiff's Fourth Amendment search claim.

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment (Docket #36) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2014.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          District Judge